UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POLY-MED, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>NOVUS SCIENTIFIC PTE LTD., et al.,<br><br>                            Defendants. | Case No.: 17-CV-649-DMS-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**<br><br>**[ECF No. 1]** |

## I. <u>INTRODUCTION</u>

Present before the Court is defendants Novus Scientific PTE LTD, Novus Scientific, Inc., and Novus Scientific AB (collectively "Defendants" or "Novus") unopposed Motion to Compel an out of district subpoena. (Def.s'. Mot., ECF No. 1.) This ancillary discovery proceeding is related to a subpoena served on nonparty Dr. James Chao ("Chao") in an underlying action pending in the United States District Court for the District of South Carolina. *See Poly-Med, Inc., v. Novus Scientific PTE LTD, et al*, No. 15-CV-1964-JMC (D.S.C. filed May 8, 2015). Defendants are seeking a court order to compel compliance with the subject subpoena.

Defendants also seek attorney's fees that have resulted from filing the present Motion. The Court construes this as a motion for contempt sanctions as this is the only sanctions remedy allowed under Rule 45. *See* Fed. R. Civ. P. 45(g); *Pennwalt Corp. v.*

*Durand-Wayland, Inc.*, 708 F.2d, 492, 494 n. 4 (9th Cir. 1983); *see also Molina v. City of Visalia*, No. 13-CV-01991-LJO-SAB, 2015 WL 5193584, at *2 (E.D. Cal. Sept. 4, 2015) ("The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g).").

For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Defendants' Motion. Additionally, the Court issues an **ORDER TO SHOW CAUSE** as to why Chao should not be held in contempt for his failure to comply with the subpoena.

## II. RELEVANT BACKGROUND

On May 8, 2015, Plaintiff filed a Complaint in the United States District Court for the District of South Carolina alleging breach of contract, tortious interference with contract, misappropriation of trade secrets, and unfair trade practices. *Poly-Med, Inc., v. Novus Scientific PTE LTD, et al*, No. 15-CV-1964-JMC, ECF No. 1. On March 14, 2016, Defendants each filed their Answers as well as Counterclaims against Plaintiff alleging breach of contract, intentional interference with contractual relations, defamation, and unfair trade practices. *Id.*, ECF Nos. 82-84.

On November 13, 2016, Chao was served personally with a subpoena *duces tecum* pursuant to Rule 45. (Mallory Decl., Ex. F at 2.) On November 16, 2016, Chao responded by sending an email to Jennifer Mallory, counsel for Defendants. (*Id.*, Ex G at 2.) In this email, Chao indicated he was embarking on a trip to China that would last twelve days, and that he would not be able to respond at the time proscribed in the subpoena. (*Id.*) Chao further explained he had not yet discussed the matter with his attorney and he requested an additional two to three weeks to "properly respond." (*Id.*) That same day, defense counsel responded and requested Chao direct his attorney to contact defense counsel promptly. (*Id.*) On January 9, 2017, having not received a response from Chao, defense counsel again emailed Chao requesting compliance with the subpoena and warned Chao that Defendants may seek a motion to compel compliance with the subpoena. (*Id.*, Ex. H at 2.)

On March 30, 2017, Defendants brought the present Motion. On April 14, 2017, the Court issued an order setting a briefing schedule requiring: (1) Defendants to effect service

on Chao on or before April 21, 2017; (2) Chao to file an opposition to Defendants' Motion on or before May 12, 2017; and (3) staying compliance with the subject subpoena pending the Court's ruling on the subject motion. (ECF No. 7.) The scheduling order also granted Defendants leave to file a reply on or before May 19, 2017. (*Id*.) Chao did not file an opposition to the motion. On May 19, 2017, Defendants timely filed a Reply. (Def.s' Reply, ECF No. 11.)

### III. **MOTION TO COMPEL**

Under Rule 45(a)(1)(C), a nonparty to a civil suit may be subpoenaed for documents relevant to the suit. A nonparty served with the subpoena *duces tecum* may serve the propounding party with a written objection within fourteen days after service or before the time of compliance, if less than fourteen days. Fed. R. Civ. P. 45(d)(2)(B). "A nonparty's failure to timely make objections to a Rule 45 subpoena generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005).

Chao has raised no objections to the subject subpoena. Rather, Chao requested additional time to consult with counsel before replying to the subpoena. That occurred over five months ago. Chao was then ordered to respond to this motion to compel - another opportunity to explain why he has failed to respond to the subpoena. Chao disregarded the Court's order and offered no explanation for his unresponsiveness nor any objections to the subpoena. Thus, Chao has waived any objections he may have had with the subject subpoena.

Therefore, Defendants' Motion to Compel is **GRANTED**.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3
17-CV-649-DMS-WVG

## IV. ORDER TO SHOW CAUSE

### A. Properly Issued and Served Subpoena

A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each person to whom it is directed to … produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A subpoena also must the state the court from which it issued, the title of the action and its civil number, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(A)(i), (ii), and (iv). Serving a subpoena requires "delivering a copy to the named person," which is often interpreted to mean personal service. Fed. R. Civ. P. 45(b)(1); s*ee Prescott v. Cnty. of Stanislaus*, No. 10–cv–00592 JLT, 2012 WL 10617, at *3 (E.D.Cal. Jan. 3, 2012) (a majority of courts interpreting "delivering" to require personal service).

It is undisputed that Chao was served with a subpoena commanding him to produce certain documents and that he failed to comply with the subpoena. The subpoena served on Chao complied with the substantive requirements of Rule 45. The subpoena indicated it was issued by the United States District Court for the District of South Carolina, stated the title of the action along with the civil action number, and set out the text of Rule 45(d) and (e). The subpoena commanded Chao to produce the requested documents to Jennifer Mallory at 3579 Valley Centre Dr., Suite 300, San Diego, California, a place within 100 miles of Chao's residence. (*Id.*, Ex. E at 5.) The subpoena was served personally on Chao on November 13, 2016. (*Id*., Ex. F at 2.) Chao acknowledge service of the subpoena in an email to defense counsel. (*Id*., Ex. G at 2.) Chao has not properly complied with or objected to the subpoena to date. (Def.s' Reply at 2.)

### B. Contempt Proceedings for Non-Compliance with a Valid Subpoena

Pursuant to Rule 45(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "[A] subpoena *duces tecum* is itself a court order, and noncompliance may warrant contempt sanctions." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494

n. 5 (9th Cir. 1983).

A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). "The primary purpose of criminal contempt is to punish past defiance of a court's judicial authority, thereby vindicating the court. *Id*. (citing *Shillitani v. United States*, 384 U.S. 364, 369 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *see also Gompers v. Bucks*, 221 U.S. 418, 441, 31 S.Ct. 492, 55 L.Ed. 797 (1911). It may include fines payable to the court and it also may include jail time. *See, e.g.*, *Shillitani*, 384 U.S. at 368.

Civil contempt, on the other hand, is meant to "compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance." *Falstaff Brewing Corp.*, 702 F.2d at 778 (internal citation omitted). "The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders." *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir.1992).

To establish civil contempt, Defendants must show by clear and convincing evidence that Chao violated a specific order of the court. If Defendants satisfy that burden, the burden shifts to Chao to show that he took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *See FTC v. Enforma Natural Products, Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) ("In a civil contempt action, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shift to the contemnors to demonstrate why they were unable to comply."); s*ee also Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (to satisfy this burden a contemnor is required to show categorically and in detail why they were unable to comply with the court's previous order). In considering the contemnor's reasons why compliance was not possible, the court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion. *See Stone*, 968 F.2d at 856–57. If a contemnor has "performed all reasonable steps within [his] power to insure compliance with the court's orders" he should not be held in contempt. *Id*. at 856. However, "[i]ntent is irrelevant to a

finding of civil contempt" and thus "good faith is not a defense." *Id*.

Defendants have established that Chao violated a specific and definite order of the court by failing to comply with the subject subpoena, as well as failing to comply with the Court's Order to file a Response to Defendants' present motion. Accordingly, the Court issues an Order to Show Cause why contempt sanctions should not issue. *See Morutia-Johnson v. City of Fresno*, No. 14-CV-00127-LJO-SKO, 2015 WL 1021123, at *3 (proper procedure for nonparty subpoena compliance is to issue an order to show cause); *see also Peterson v. Highland Music, Inc.*, 140 F.3d 1313, at 1325 (9th Cir. 1998) (finding that a district court should not impose contempt sanctions solely on the basis of affidavits unless those affidavits are uncontroverted).

Defendants' request for sanctions is, at this point, premature and is thus **DENIED**.

## V. <u>CONCLUSION</u>

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. Defendants' unopposed Motion to Compel is **GRANTED**. Chao shall comply with the subject subpoena on or before **June 14, 2017**[1].

2. Defendant's Motion for sanctions is **DENIED** as premature.

3. Chao is **ORDERED** to personally appear on **July 10, 2017** at **9:00 a.m.** before United States Magistrate Judge William V. Gallo, United States Courthouse, Courtroom 2A, Second Floor, 221 West Broadway, San Diego, California to SHOW CAUSE why he should not be held in contempt for his failure to comply with the subpoena.

4. Chao shall file a Declaration in response to this Order explaining his failure to comply with the subpoena on or before **June 26, 2017**. This Declaration shall not exceed **five pages**, excluding exhibits.

5. Defendants shall file a Reply to the Declaration that includes their attorney's fees related to the filing of the present motion and responding to this Order on or before

---

[1] This Order lifts the stay that was emplaced by the Court's scheduling order. (*See* ECF No. 7 at 2.)

**July 3, 2017**. The Reply shall not exceed **five pages**, excluding exhibits. Defendants must appear at the OSC hearing.

6. Failure to comply with this Order may subject Chao to contempt sanctions, including monetary sanctions; and

7. Defendants shall personally serve this Order on Chao on or before **May 31, 2017**, and file proof of service forthwith.

**IT IS SO ORDERED**.

Dated: May 25, 2017

_____
Hon. William V. Gallo
United States Magistrate Judge